FILED
AUG 17 2009
Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB, as Trustees of the United Mine Workers of America 1974 Pension Plan,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICIA FREEMYER, an individual, 5823 Oak Forest Lane St. Louis, Mo. 63128,<br><br>Defendant. | Civil Case: 1:09-cv-01550<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 8/17/2009<br>Description: Labor-ERISA |

## COMPLAINT

Plaintiffs Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab, as Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Plan ("1974 Plan"), by undersigned counsel, for their complaint against the defendant, allege as follows:

### JURISDICTION AND VENUE

1. This is an action to collect amounts owed by the defendant as a result of mistaken payments directed to her bank account, together with interest, liquidated damages, attorneys' fees and costs.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the 1974 Plan and its Trustees are present in and conduct their business from their main office in the District of Columbia.

## PARTIES

4. Plaintiffs, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab, are Trustees of the 1974 Plan. The Trustees administer the 1974 Plan at 2121 K Street, NW, Washington, DC 20037. The Trustees are fiduciaries with respect to the 1974 Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are collectively the plan sponsor of the 1974 Plan within the meaning of Sections 3(16)(b)(iii) and 4001(a)(10)(A). The Trustees are authorized to bring this action by Sections 502(a)(3) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) and (b). The 1974 Plan is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). The 1974 Plan provides pensions and other benefits to eligible retirees, and their eligible dependents, who worked under collective bargaining agreements between the UMWA and coal industry employers

5. Defendant, Patricia Freemyer ("Freemyer"), is an individual with an address of 5823 Oak Forest Lane, St.Louis, Missouri 63128.

## FACTS

6. Dorothy McAllister ("McAllister"), the widow of a retired coal miner, lives in an assisted living facility in Benton, Illinois. For a period of years, McAllister has been receiving monthly surviving spouse pension payments from the 1974 Plan. These payments have been made by Electronic Funds Transfer ("EFT").

7. On or about July 18, 2007, McAllister informed the 1974 Plan that she had not received her monthly payments for a period of years. McAllister indicated that her daughter had been taking care of her finances, but that her daughter had recently died, whereupon McAllister discovered the missing payments.

8. The 1974 Plan investigated McAllister's claim and discovered that from February 2005 through July 2007, payments to her had been misdirected, through bank error, into an account at Regions Bank titled to Patricia Freemyer. In October 2007, the 1974 Plan reissued a check to McAllister for the full amount owed to her. The 1974 Plan also contacted the bank in question to make sure that the problem would not reoccur, which it has not.

9. On or about July 26, 2007, the 1974 Plan called Freemyer to discuss the wrongful payments. Freemyer, who lives in St. Louis, Missouri, indicated that she was not a UMWA pensioner, nor had anyone in her family ever worked in the coal mining industry, nor was she related in any way to anyone who ever had worked in the coal mining industry. Nevertheless, Freemyer indicated that she was not willing to pay the money back.

10. On or about April 29, 2009, the 1974 Plan again called Freemyer to inform her that the debt remained outstanding and would have to be paid. Freemyer indicated that she would not repay the amount owed.

11. By certified letters dated April 29, 2009 and May 13, 2009, Freemyer was informed once again that the debt of $6,948.40 remained outstanding and that if payment in full was not made within 10 days, the Trustees would file suit to collect the amount owed, together with interest, attorneys' fees and costs. Upon information and belief, Freemyer refused to accept delivery of these certified letters.

12. By overnight delivery letter dated July 9, 2009, Ms. Freemyer was once again informed that the debt of $6,948.40 remained outstanding and that if payment in full was not made within 10 days, the Trustees would file suit to collect the amount owed, together with interest, attorneys' fees and costs.

13. To date, Freemyer has refused to pay the 1974 Plan for payments she wrongfully received.

## COUNT I

14. Plaintiffs incorporate herein by reference the allegations contained in Paragraphs 1-13.

15. Section 404 of ERISA, 29 U.S.C. §1104, provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and – (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries…(D) in accordance with the documents and instruments of the plan…."

16. Freemyer has acknowledged that she is not a participant in the 1974 Plan, nor is she a beneficiary, nor is she related in any way to any person who is a participant or a beneficiary in the 1974 Plan.

17. By refusing to repay the 1974 Plan amounts which she has acknowledged she is not entitled to, Freemyer has caused the 1974 Plan to expend trust assets in the amount of $6,948.40 in violation of the eligibility criteria of the 1974 Plan. The Trustees are entitled to recover these trust assets from Freemyer.

## COUNT II

18. Plaintiffs incorporate herein by reference the allegations contained in Paragraphs 1-17.

19. The 1974 Plan has repeatedly notified Freemyer of her indebtedness to the Plan as a result of the mistaken payments made to her. Freemyer has acknowledged that she has no entitlement to the amounts paid and that she is not related in any way to any person who has ever worked in the coal mining industry, but she refuses to make restitution to the Plan.

20. As a result of the payments made to Freemyer, Freemyer has been unjustly enriched in the amount of $6,948.40.

## COUNT III

21. Plaintiffs incorporate herein by reference the allegations contained in Paragraphs 1-20.

22. As a result of the actions set forth herein, the Trustees have been defrauded by Freemyer in the total amount of $6,948.40.

## COUNT IV

23. Plaintiffs incorporate herein by reference the allegations contained in Paragraphs 1-22.

24. The payments made to Freemyer, as set forth herein, were based on a mistake of a fact. The Trustees are entitled to recover from the defendant the amount of these improper payments.

**WHEREFORE**, the Trustees demand judgment against defendant in the amount of $6,948.40, together with interest thereon, liquidated damages and reasonable attorneys' fees and costs, as required by Section 502 of ERISA, 29 U.S.C. 1132(g), and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DAVID W. ALLEN
D.C. Bar No. 81638
General Counsel

*[signature]*

LARRY D. NEWSOME
D.C. Bar No. 254763
Associate General Counsel

*[signature]*

JONATHAN SOKOLOW
D.C. Bar No. 457267
Senior Assistant General Counsel

UMWA 1974 PENSION PLAN
Office of the General Counsel
2121 K Street, NW Suite 350
Washington, D.C. 20037-1801
Telephone: 202-521-2238

Attorneys for Plaintiffs

197041885 doc

6